IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| WILSON OILFIELD SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 7:11-cv-00111-O |
| | § | |
| VISHAL ENTERPRISE, SANJAY PARIKH and BHARAT CHAUDHARI | § § § | |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT

Pursuant to the Court's Order entered on August 31, 2011, and in accordance with Federal Rules of Civil Procedure 16(b) and 26(f), a case management conference was conducted in person on September 9, 2011, among counsel of record for Plaintiff Wilson Oilfield Services, Inc. ("Wilson") and Defendants Vishal Enterprise ("Vishal"), Sanjay Parikh ("Parikh") and Bharat Chaudhari ("Chaudhari"). Accordingly, counsels submit the following Joint Status Report Regarding the Contents of a Scheduling Order ("Joint Status Report").

**(1) <u>A brief statement of the claims and defenses</u>:**

**Plaintiff ("Wilson")**

This case involves a contract dispute over the construction of an oil rig. Plaintiff is a Texas corporation based in Graham, Texas providing oilfield services. Defendants' Vishal Enterprises ("Vishal"), Sanjay Parikh ("Parikh") and Bharat Chaudhari ("Chaudhari"), based in India, engaged Wilson to construct a Double Triple Oil Rig. The agreement contained specific payment terms which were crucial to Wilson's ability to perform under the agreement. Defendants' breached the agreement by not making the required payments timely. Defendant Vishal was notified of this breach on March 8, 2011 and has failed to cure or perform its obligations under the agreement. As a result of Defendants' breach, Wilson was forced to

procure replacement components at higher costs, has lost revenue and the opportunity to bid on or obtain other projects, and has incurred additional labor, transactional and insurance costs for which it seeks damages in addition to reasonable and necessary attorneys fees pursuant to Tex. Civ. Prac. & Rem. C. § 37.009 and Tex. Civ. Prac. & Rem. C. § 38.001(1), (2), (3) and (8).

**Defendants ("Vishal," "Parihk" and "Chaudharu")**

Vishal disputes that it materially breached the Contract with Plaintiff and contends that Plaintiff breached the Contract by, among other things, failing to obtain inspections from a third-party inspector, failing to complete the Rig, and failing to deliver and install the Rig in Mumbai, India. Vishal also contends that Plaintiff anticipatorily repudiated the Contract. Vishal disputes that it had any obligation to cure anything under the Contract or that Wilson suffered any damages. After the Court rules on Vishal's Motion to Dismiss, Vishal anticipates filing a breach of contract claim against Wilson. There is no contractual relationship, written or oral, between Wilson and Defendants Parikh and/or Chaudhari.

**(2) A proposed time limit to file motions for leave to join other parties;**

  **Plaintiff** - 30 days after completion of discovery Phase One.
  **Defendants –** November 1, 2011

**(3) A proposed time limit to amend the pleadings;**

  **Plaintiff** - 60 days after completion of discovery Phase One.
  **Defendant**  - December 1, 1011

**(4) Proposed time limits to file various types of motions, including dispositive motions**

Plaintiff and Defendant will likely file a Motion for Summary Judgment and may file other motions. The parties propose and agree to the following deadlines (assuming a trial date of September 10, 2012):

  Dispositive Motions – 120 days before trial (May 10, 2012)
  All Other Motion 60 days before Trial (July 10, 2012).

**(5) A proposed time limit for initial designation of experts;**

  February 1, 2010

**(6) A proposed time limit for responsive designation of experts;**

    March 2, 2012

**(7) A proposed time limit for objections to experts (i.e. Daubert and similar motions);**

    The parties propose and agree to 60 days before Trial (July 10, 2012) as the deadline to file objections to experts.

**(8) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

    A. The parties do not object to initial disclosures pursuant to Rule 26(a)(1). The parties propose that initial disclosures be made by October 15, 2011. The parties do not believe any changes in the form or requirement for Rule 26(a) disclosures should be necessary.

    B. The parties disagree on how discovery beyond the initial disclosures should be conducted.

    **Plaintiff**

    As evidenced by the Motion to Compel Full Disclosures, the identity of all parties who may be proper or necessary parties to the resolution of this dispute or possess crucial evidence is not yet known. Accordingly, limited discovery should be conducted first to ensure that all necessary parties are before the Court, and that the interrelationship between the parties is understood as it relates to or affects amending pleadings or causes of action. Only in this manner can the parties ensure that all persons and entities are properly before the Court and have an opportunity to cross examine witnesses and engage in discovery.

    Additionally, due to the international nature of this dispute, it may involve procedural complexities such as compliance with the Hague Convention for service on additional parties who, while not direct parties to the Contract, have some relation or involvement in the dispute (such as that by the Bank of Baroda as asserted in Appendix A in Support of Response to Motion

to Dismiss). These procedural complexities will also exist in the likely event document requests on non-parties need to be served in an international context.

Similarly, Defendants have denied that the two named individual defendants are proper defendants. However, on information and belief, and based on documentary evidence, Plaintiff believes that Vishal Enterprise is a general partnership which may give rise to liability on behalf of its partners or agents. Additionally, Sanjay Parikh and/or Parikh International negotiated many aspects of the rig purchase, and was involved in several visits and numerous emails with Wilson regarding various aspects of the rig construction but his relationship with Vishal or authority to take actions on its behalf is not clear.

Accordingly, Plaintiff believes that limited discovery should be conducted in two phases with the first phase designed to ensure that all the proper parties are before the Court before substantive discovery begins:

Phase One – Identity and Relationship of Parties to Existing and Potential Additional Parties:

  a. The identity of Vishal Enterprise and its relationship to Bank of Baroda, Mr. Sanjay Parikh, Parikh International and Mr. Bharat Chaudhari.
  b. Sanjay Parikh and Parikh International's relationship to Vishal Enterprise and whether he had authority to enter into various agreements, negotiate or make representations on its behalf.
  c. The identity of the Bank of Baroda and its relationship to Vishal Enterprise, Mr. Sanjay Parikh, Parikh International and Mr. Bharat Chaudhari.

Defendant believes that Interrogatories are not well suited to discovering this information as they are frequently fraught with unnecessary objections and deprive the litigants the opportunity to explore appropriate follow-up questions based on the information solicited from a prior answer. Defendant believes that discovery phase one should be conducted with an early deposition of Mr. Sanjay Parikh on the above topics, and that the deadline to amend pleadings and add parties should be 30 days after Mr. Parikh's deposition.

**Defendants**

Phased discovery in this case is not justified.  This is a straight forward breach of contract case.  No preliminary discovery is necessary and frankly could have been handled through preliminary investigations by Plaintiff before filing suit.

Plaintiff goes to great lengths above to insinuate that Defendants have been less than forthcoming with the Court in terms of who are the interested persons in this lawsuit. That is simply not the case. This issue was first raised by Plaintiff's counsel during a lunch meeting on Friday, September 9, 2011. During that discussion, defense counsel indicated he would determine if the Bank of Baroda was indeed an interested party. The matter was investigated and it was determined that the bank should be designated. Prior to the filing of Plaintiff's motion to compel, Defendants informed Plaintiff's counsel they would file an amended designation by email. Plaintiff's counsel has indicated he was in the process of filing the motion at the time the email was received so he didn't see it. The Motion to Compel is now moot as Defendants have identified the bank as an interested party. (Dkt. #9.)

Preliminary discovery is not necessary in this matter and will simply drive up attorneys' fees and costs. This case involves Defendants and witnesses who do not reside in the State of Texas. It remains to be determined who will be deposed and where they will be deposed. There is no need to conduct a preliminary deposition so that Plaintiff can obtain information it could have obtained prior to filing suit.

Defendants previously offered and remain willing to respond to agreed to interrogatories on the items identified in Phase One by Plaintiff. The suggestion that objections would somehow cloud these issues is conjecture and speculation. Indeed it would be foolish for the Defendants to agree to the parameters of the discovery and then object.

(9) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;
    None.

(10) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;
    The parties do not agree on whether any means for disclosure should be implemented or if so in what form or protocol.

**Plaintiff**

Plaintiff believes that an agreed means for capturing and producing electronic documents between Sanjay Parikh and/or Parikh International and Vishal Enterprise and Mr. Bharat Chaudhari is important to the issue of determining the relationship between these two entities because much of the negotiations and emails with Wilson regarding various aspects of the rig construction were between Wilson and Parikh, not between Wilson and Vishal, raising a question about Parikh's role and authority to take actions or make representations on behalf of Vishal.

Plaintiff also believes that immediate preservation of all emails and other electronic correspondence between the Indian Bank of Baroda and the other defendants is appropriate, and that a means for disclosure of ESI should address production of ESI from the Indian Bank of Baroda which may vary depending on whether or not the Bank of Baroda is a party.

**Defendants**

Defendants do not believe any means for disclosure via ESI is necessary.  Plaintiff's counsel indicates that some type of ESI protocol is necessary; there is no suggestion as to how that should take place.

(11) Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order.

None at this time.

(12) A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);

The parties propose that the Court set a trial date of Monday, September 10, 2012. The parties estimate that the trial will require five days. Plaintiff Wilson has demanded a jury trial.

(13) A proposed date for further settlement negotiations;

**Plaintiff**

Plaintiff believes that time is of the essence because of the impact of this dispute on its revenue stream and the related damages pled. Accordingly, the best chance of settlement is in the very near future and the longer the dispute continues the lower the odds of successfully resolving it short of trial. Accordingly, Plaintiff believes mediation is appropriate, warranted and would be most cost effective with the highest chance of success if conducted during October, 2011.

**Defendants**

The parties are currently in settlement discussions, however we proposed a settlement conference on or before January 1, 2012.

(14) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

Not Applicable

(15) Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Roach (if all parties consent, please submit the attached consent form);

Plaintiff consents to a jury trial before United States Magistrate Judge Robert K. Roach;

Defendants do not consent to a trial before a Magistrate.

(16) Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

In accordance with F.R.C.P. 26(f), the parties have conferred regarding the nature and basis of claims and defense and the possibility of prompt settlement or resolution of the case. The parties disagree on when mediation would be most effective, and the parties have not agreed on a mediator.

**Plaintiff**

Plaintiff believes that time is of the essence because of the impact of this dispute on its revenue stream, the related damages pled. Accordingly, the best chance of settlement is in the

very near future and the longer the dispute continues the lower the odds of successfully resolving it short of trial. Accordingly, Plaintiff believes mediation is appropriate, warranted and would be most cost effective with the highest chance of success if conducted during October, 2011.

> **Defendants**
>
> Defendants agree to a formal mediation on or before the close of discovery, but believe that an October mediation is premature.  First, Plaintiff has indicated it needs some preliminary discovery and may add an additional party.  Second, there needs to be discovery in this matter so that mediation will be productive.

(17) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

> None not previously addressed in another section.

(18) Whether a conference with the Court is desired; and

> **Plaintiff**
>
> Plaintiff desires a conference with the Court to address the disagreements between counsel regarding discovery as it relates to all necessary and proper parties and the ESI between Sanjay Parikh / Parikh International and Vishal Enteprise / Bharat Chaudhari.
>
> **Defendants**
>
> Defendants do not desire a conference with the Court.

(19) Any other matters relevant to the status and disposition of this case, including any

> **Plaintiff**
>
> Plaintiff believes an inspection of the rig to confirm its current condition and state of completion is warranted, as absent an early mediation or agreement to resume construction, the rig must be moved from its central place in the construction yard and placed into storage pending the outcome of this lawsuit. Plaintiff has made several attempts to schedule an inspection of the rig which Defendants have refused.
>
> **Defendants**

Defendants are not required to inspect the Rig at this juncture. It is Defendants' position that the Plaintiff has breached the contract by failing to complete the fabrication of the Rig and by failing to deliver and install the Rig in Mumbai, India. The Rig remains in Wilson's possession and what it intends to do with the Rig in terms of storage is within its discretion. However, Defendants do not waive any claims that may arise from Wilson's possession of the Rig.

Respectfully submitted,

Gene A. Hamm II
State Bar No. 00795405
John P. Martin
State Bar No. 24074657

**THE HAMM FIRM**
1333 W. McDermott, Suite 200
Allen, Texas  75013
Main:  (469) 656-1593
eFax:   (469) 656-1594

ATTORNEYS FOR PLAINTIFF WILSON OILFIELD SERVICES, INC.


/s/ Gregory M. Weinstein
Gregory M. Weinstein
State Bar No. 21096430
Robert K. Radcliff
State Bar No. 24011170

LANGLEY WEINSTEIN LLP
901 Main Street, Suite 600
Dallas, Texas 75202
Telephone:     214.722.7160
Facsimile:      214.722.7161

ATTORNEYS FOR DEFENDANTS VISHAL ENTERPRISE, SANJAY PARIKH AND BHARAT CHAUDHARI