IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| WILSON OILFIELD SERVICES, INC., § § § § Plaintiff, § § v. § § VISHAL ENTERPRISE, SANJAY § PARIKH and BHARAT § CHAUDHURI, § § Defendants. § | Civil Action No. 7:11-cv-00111-O |

**AMENDED MEMORANDUM OPINION AND ORDER**

On November 28, 2011, the Court issued its Memorandum Opinion and Order [doc. 26] granting in part and denying in part Defendants' Motion to Dismiss Amended Complaint [doc. 21]. In light of recent filings in the case [*see* docs. 27, 31], and after further consideration of Plaintiff's argument that were the Court to conclude that the allegations against the individual defendants are insufficient, the Court should allow limited discovery rather than dismissing Plaintiff's claims against the individual defendants at this early juncture [*see* doc. 25, Pl. Resp. to Def. Mot. to Dismiss ¶¶ 25-26], the Court hereby **vacates** its November 28, 2011 Memorandum Opinion and Order [doc. 26], and issues the following Amended Memorandum Opinion and Order.

Before the Court is Defendants' Motion to Dismiss Amended Complaint [doc. 21], filed October 6, 2011. Having considered the motion, response[1], pleadings, record and applicable law,

---

[1] Defendants did not file a reply brief.

the Court **conditionally denies** Defendants' motion subject to the conditions set forth more fully below.

I.      **Factual Background and Procedural History**

This is an action brought by Plaintiff Wilson Oilfield Services, Inc. ("Wilson"), a Texas corporation, against Defendants Vishal Enterprises ("Vishal"), a foreign entity conducting business in Texas, Sanjay Parikh ("Parikh"), a foreign individual, and Bharat Chaudhari ("Chaudhari"), a foreign individual (sometimes collectively referred to as, "Defendants"), alleging breach of contract and fraudulent inducement in connection with a contract dispute over the construction of an oil rig.

On December 6, 2010, Vishal engaged Wilson to construct an oil rig and the parties executed a Supply Order contract in connection with their agreement (the "Contract").[2] [doc. 18, Compl. ¶ 7; doc. 22, Def. App. in Supp. of Mot. to Dismiss, "Supply Order and Supporting Exhibits"]. The Contract is signed by Sam Wilson on behalf of Plaintiff and by Bharat Chaudhari, as "Managing Director" on behalf of Vishal Enterprises. [Def. App., Supply Order at 5]. The Contract contains specific payment terms [Def. App., Supply Order ¶ 14], with payments from Defendants to Wilson totaling $1.3 million. [doc. 18, Compl. ¶ 7]. These payment terms were crucial to Wilson's ability to perform under the parties' contract. [*Id.*, Intro. at 1]. Defendants made an initial deposit of $50,000 on November 1, 2010, and a first payment of $345,000 on December 1, 2010. [*Id.* ¶7]. After receiving these payments, Wilson tendered performance under the contract by acquiring, transporting and commencing work on the oil rig in December 2010. [*Id.*]. Thereafter, Defendants breached the contract by not making the required payments in a timely fashion. [*Id.*]. As a result,

---

[2]In deciding this Fed. R. Civ. P.12(b)(6) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal punctuation and citation omitted).

Wilson was forced to procure replacement components at higher costs, incurred additional labor, transactional and insurance costs, lost revenue and lost the opportunity to bid on or obtain other projects. [*Id.* ¶ 11]. Following Defendants' failure to make timely payments in the amounts required by the contract, on March 8, 2011, Wilson notified Defendants of their breach and advised that: "Due to the untimely payments made by you to fund the construction of this rig, please anticipate an increase in the price of the finished rig from $1.3 million to $1.65 million." [*Id.* ¶ 7]. Following receipt of the March 8, 2011 correspondence, Defendants made three more payments. [*Id.*].

Wilson also alleges that throughout 2011, Wilson never received emails directly from Defendant Vishal or Defendant Chaudhari, but that all emails regarding the Contract, construction of the oil rig, payments under the contract and related issues were between Defendant Parikh and Parikh International and Wilson. [*Id.* ¶ 8].

## II.    Applicable Legal Standards

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted). Likewise, a court may consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## III. Analysis

Defendants move to dismiss Wilson's claims for breach of contract against the individual defendants, Chaudhari and Parikh,[3] and also move to dismiss Wilson's claim of fraudulent inducement against all Defendants. The Court addresses these arguments in turn.

### A. Breach of Contract

In support of their motion to dismiss Wilson's breach of contract claim against individual defendants Chaudhari and Parikh, Defendants contend that: (i) the individual defendants Chaudhari and Parikh were not parties to the contract between Wilson and Vishal [doc. 21, Def. Mot. to Dismiss ¶ 7]; (ii) Wilson has failed to allege that the individual defendants were partners in Vishal [*id.* ¶ 8]; and (iii) Wilson cites no authority that the individual partners to an Indian partnership are responsible for the obligations of the partnership. [*Id.*].

In response, Wilson contends:

> Vishal Enterprise is a "Partnership Firm" according to documents executed by Vishal. A partnership is an association of two or more persons to carry on a business for profit, and all partners of a general partnership are liable for all debts and obligations of the partnership. Accordingly, Mr. Sanjay Parikh and Mr. Bharat Chaudhari are individually, jointly and severally, liable for the breach of contract by their partnership Vishal Enterprise.
>
> Further, there is no evidence that any Indian entity Vishal Enterprises actually exists beyond a simple partnership firm, and the assertion that Vishal Enterprises is a partnership firm divulged in the documents have not been denied. Absent further discovery and analysis of what law would control the liability of an Indian firm's

---

[3] It is unclear to the Court whether Defendants are also moving to dismiss the breach of contract claim against the entity Vishal, or just against the individual defendants  At one point, Defendants appear to concede that Wilson has sufficiently alleged that Vishal breached the Contract. *See* doc. 21, Def. Mot. to Dismiss ¶ 8) ( "[i]f anything, Plaintiff has a breach of contract claim against Vishal, not the Individual Defendants."). Out of an abundance of caution, however, the Court will address below whether Wilson has adequately alleged a breach of contract claim against Vishal.

partners (or agents or representatives), both Mr. Parikh and Mr. Chaudhari are proper defendants."

[doc. 25, Pl. Resp. ¶¶ 12-13].

To state a claim for breach of contract under Texas law, Wilson must allege (1) the existence of a valid contract, (2) that it performed its duties under the contract, (3) that Defendants breached the contract, and (4) that Wilson suffered damages as a result of the breach. *E.g., Lewis v. Bank of Am. N.A.,* 343 F.3d 540, 544–45 (5th Cir.2003) (Texas law).

While the Court concludes that Plaintiff has sufficiently alleged a breach of contract claim against Defendant Vishal [*see* doc. 18, Compl. ¶7(a) - ¶7(k)], and Defendants make no cogent argument to the contrary, the Court agrees with Defendants that Plaintiffs' allegations against the individual defendants, Parikh and Chaudhari, fail to state a claim upon which relief may be granted, and are therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6). Specifically, Wilson makes the conclusory allegation that Vishal is a "foreign partnership" [doc. 18, Compl. ¶ 2], and in response to Defendants' motion to dismiss makes the unsupported assertion that Vishal is a "Partnership Firm according to documents executed by Vishal" [doc. 25, Pl. Resp. ¶ 12]. As stated above, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The bald assertion that Vishal is a "partnership," absent more, fails to meet the plausibility standard. *See Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556 ) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Although referring to documents executed by Vishal showing it is a partnership, Wilson does not provide the Court with these documents, or any affidavit in connection with its response to the

6

motion to dismiss verifying these assertions. Further, as Defendants argue, Wilson fails to even include the allegation that the individual defendants are partners in Vishal.

The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. Simply stated, the "sheer possibility" that Vishal might be a partnership is not enough at this juncture. *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.")

Nevertheless, cognizant that this civil action is unique in that it is between a United States corporation and a foreign entity and foreign individuals, and that limited discovery by Wilson relating to Parikh, Chaudhari and Vishal, as well as any other potential Defendants in this action, may allow Wilson to cure the above-stated pleading defects, and mindful that Wilson unsuccessfully contacted Defendants in early September 2011 seeking deposition dates for Parikh,[4] rather than grant Defendants' motion to dismiss Wilson's breach of contract claims against Parikh and Chaudhari, the Court conditionally denies the motion, and allows a sixty-day period for limited discovery targeted at curing the pleading defects noted above. Simply stated, after reviewing the exhibits to Plaintiff's motion to compel filed December 2, 2011 [doc. 31], the Court is concerned that Wilson's ability to state a claim may be hampered by lack of access to information concerning the nature of Vishal Enterprises and the connection, if any, of Parikh and Chaudhari to Vishal Enterprises.

---

[4]The Court has been made aware of Wilson's attempt to take the deposition of individual defendant Sanjay Parikh by way of Plaintiff's motion to compel deposition of Sanjay Parikh, filed December 2, 2011. [doc. 31]. Exhibits attached to the motion indicate that Wilson's attempts to schedule a deposition of Parikh were to no avail, as counsel for Defendants indicated that such a request was "premature." [Ex. B to doc. 31, September 18, 2011 correspondence from Langley Weinstein LLP to Gene Hamm, Esq.]. The Court disagrees. This case involves foreign entities and absent limited discovery relating to the entity and other proper party Defendants, Wilson's ability to state a claim against Parikh and Chaudhari may be seriously compromised.

Absent amended pleadings following limited discovery that cure the pleading deficiencies noted above, the Court will dismiss Wilson's breach of contract claims against the individual defendants.

### B. Fraudulent Inducement

Defendants argue that Wilson has failed to plead fraud with the requisite particularity under Rule 9(b), requiring dismissal of Wilson's fraudulent inducement claim. Defendants further contend that "Plaintiff's fraud claim is merely a repackaged breach of contract claim. This is not an actual fraud claim, but a breach of contract claim." [doc. 21, Def. Mot. to Dismiss ¶ 17].

Under Texas law, the elements of a claim for fraudulent inducement include (1) a material misrepresentation; (2) which was false; (3) which was known to be false when made or recklessly as a positive assertion without knowledge of its truth; (4) which was intended to be acted upon; (5) which was relied upon; and (6) which caused injury. *Fletcher v. Edwards,* 26 S.W.3d 66, 77 (Tex.App.—Waco 2000, pet. denied) (citing *Ins. Co. of N. Am. v. Morris,* 981 S.W.2d 667, 674 (Tex.1998)). "A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made." *Formosa Plastics Corp. v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998).

Rule 9 of the Federal Rules of Civil Procedure applies to both federal securities claims and state-law fraud claims. *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Fifth Circuit has held that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how of the alleged fraud.'" *United States*

*ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). Likewise, pleading "fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

In support of its fraudulent inducement claim, Wilson alleges:

> A false promise of future performance is actionable as a false representation. Defendant Sanjay Parikh misrepresented to Plaintiff that the payment schedule and payment amounts required under the contract would be performed by Vishal Enterprises. Defendant Parikh's representation was a false promise of future performance which induced Plaintiff to enter into the contract and without which Plaintiff would not have entered into the contract.
>
> Defendant Parikh's representation to Plaintiff was material because Parikh knew that Wilson would use the funds to procure equipment to construct the rig. Plaintiff reasonably relied on Mr. Parikh's representation because he was the primary, and in most cases only, person communicating on behalf of Vishal.
>
> Defendant Parikh knew that the payment schedule was not realistic because the Bank of Baroda had requirements for certain inspection documents before releasing funds that were not addressed, anticipated or set forth in the contract even though Mr. Parikh was present when the contract was executed.

[doc. 18, Compl. ¶¶ 14-16].

The Court concludes that these allegations fail to satisfy the heightened particularity requirements necessary to plead fraud. *See United States ex rel. Thompson*, 125 F.3d at 903 (citing *Williams*, 112 F.3d at 179). First, Wilson fails to allege whether the alleged fraudulent statements were made in written form or whether they were oral communications. Second, other than generally alleging that Parikh promised that Vishal would comply with the payment schedule and payment amounts in the Contract, Wilson fails to specify the actual content of the statements. Third, Wilson fails to allege when the alleged fraudulent statements were made. Finally, Wilson fails to allege

9

where the statements were made. Given Wilson's failure to plead fraud with the requisite specificity, the Court grants Defendants' motion to dismiss Wilson's fraudulent inducement claim under Rule 9(b).

Once again, however, rather than grant Defendants' motion to dismiss at this juncture, the Court conditionally denies the motion subject to a sixty-window for discovery aimed at curing the above-stated deficiencies. Absent amended pleadings following the period of discovery that cure the defects described by the Court, however, the Court will grant Defendants' motion to dismiss the fraudulent inducement claims.

## IV. Conclusion

Based on the foregoing, the Court: **vacates** its November 28, 2011 Memorandum Opinion and Order [doc. 26]; **conditionally denies** Defendants' Motion to Dismiss Amended Complaint [doc. 21]; allows Plaintiff Wilson sixty days from the date of this Memorandum Opinion and Order (until February 3, 2011) to conduct limited discovery targeted at potentially curing the defects that the Court has identified in this Memorandum Opinion and Order; and grants Plaintiff Wilson leave to amend the pleadings on or before February 6, 2012, absent which the Court will issue an order granting Defendants' motion to dismiss the breach of contract claims against the individual defendants and the fraudulent inducement claims against all Defendants.[5] During this sixty-day

---

[5] Courts often allow a plaintiff the opportunity to replead where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc. Privacy Litig.*, 370 F. Supp. 2 552, 567-78 (N.D. Tex. 2005) (Fitzwater, J.). *See also McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608-09 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (while court may dismiss a claim for failing to comply with Rule 9(b), "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so.").

window for discovery, the Court anticipates full cooperation by Defendants.  Finally, in light of this Memorandum Opinion and Order, the Court **stays** the deadlines set forth in its September 23, 2011 Scheduling Order [doc. 19] pending further notice.

    **SO ORDERED** this **5th day** of **December, 2011.**

                                         _____
                                         Reed O'Connor
                                         **UNITED STATES DISTRICT JUDGE**